UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAO-MSP RECOVERY II LLC, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 19-mc-91176-ADB |
| | * | |
| MERCURY GENERAL CORPORATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER TRAFERRING ACTION TO**
**THE CENTRAL DISTRICT OF CALIFORNIA**

BURROUGHS, D.J.

Currently pending before the Court is non-party Fallon Community Health Plan, Inc.'s ("Fallon's") motion to quash a subpoena issued by Defendant Mercury General Corp. ("Mercury"). [ECF No. 1]. Mercury opposes Fallon's motion and asks that the Court transfer the action to the United States District Court for the Central District of California. [ECF No. 4]. For the reasons set forth below, Fallon's motion, [ECF No. 1], is <u>DENIED</u>. This action shall be transferred to the Central District of California pursuant to Federal Rule of Civil Procedure 45(f).

**I.     BACKGROUND**

    **A.     The Underlying Litigation**

In November 2017, Plaintiffs MAO-MSP Recovery II LLC; MSPA Claims 1, LLC; and MSP Recovery Claims, Series LLC (collectively, "Plaintiffs") filed two class action lawsuits against Mercury in the Central District of California (the "Class Actions"). <u>See generally</u> <u>MAO-MSO Recovery II LLC, et al. v. Mercury Gen. Corp.</u>, No. 17-cv-02525 (C.D. Cal. filed Mar. 31, 2017) ("<u>Class Action 1</u>"); <u>MAO-MSO Recovery II LLC, et al. v. Mercury Gen. Corp.</u>, No. 17-cv-02557 (C.D. Cal. filed Apr. 3, 2017) ("<u>Class Action 2</u>"). Both cases were assigned to

the Honorable André Birotte, Jr., United States District Judge, and subsequently referred, for certain matters, to the Honorable Alexander F. MacKinnon, United States Magistrate Judge. See [Class Action 1, ECF No. 117; Class Action 2, ECF No. 116].

The Class Actions relate to injuries sustained by unnamed Medicare beneficiaries (the "Beneficiaries") in car accidents. Plaintiffs allege that Mercury, a no-fault auto insurer, was obligated to pay for the Beneficiaries' medical expenses but did not. [Class Action 1, ECF No. 1 ¶¶ 68–79; Class Action 2, ECF No. 1 ¶¶ 63–64]. Instead, the Beneficiaries' Medicare Advantage Organizations ("MAOs") paid for the Beneficiaries' medical expenses. [Class Action 1, ECF No. 1 ¶ 74; Class Action 2, ECF No. 1 ¶ 63]. Plaintiffs further contend that many of the Beneficiaries' MAOs assigned their rights to assert claims against Mercury to Plaintiffs. [Id.]. Accordingly, Plaintiffs seek reimbursement from Mercury for payments that the MAOs made on behalf of the Beneficiaries. [Class Action 1, ECF No. 1 ¶ 101; Class Action 2, ECF No. 1 ¶ 85].

Though Plaintiffs identify Fallon by name and assert the right to pursue claims on its behalf in the Class Action complaints, see [ECF No. 4-4 at 29 (partially redacted version of Class Action 1 complaint); id. at 97 (partially redacted version of Class Action 2 complaint)], it remains uncertain whether any of the specific claims at issue in the Class Actions were assigned to Plaintiffs by Fallon (as opposed to being assigned by other MAOs), [ECF No. 8 at 1–2].

B.     The Subpoena and Subsequent Meet-and-Confers

On April 8, 2019, Mercury served Fallon with a third-party subpoena (the "Subpoena") issued by the Central District of California in connection with the Class Actions. [ECF No. 1-2]. The Subpoena calls for Fallon to (1) designate a corporate representative to sit for a Rule 30(b)(6) deposition regarding seven topics, and (2) produce documents responsive to eleven requests for production. [Id.]. After the Subpoena was served, the parties met and conferred

regarding its scope and the burdens associated with responding but were unable to resolve their differences of opinion.  See [ECF No. 4-5 at 6–14].

### C. Procedural Background and the Parties' Arguments

The parties agreed that Fallon's response to the Subpoena would be due on May 1, 2019, and on that date, Fallon filed the instant motion with the Court.  [ECF No. 1].  Fallon argues that responding to the Subpoena will impose an undue burden and is illogical at this time because neither Plaintiffs nor Mercury have been able to definitively determine whether any of the particular claims at issue in the Class Actions were assigned by Fallon to Plaintiffs.  [ECF No. 2 at 2–8].  In short, according to Fallon, it should not be required to respond to the Subpoena because it is a non-party and "it is unclear whether Fallon has anything to do with [the Class Actions]."  [Id. at 3].  Labeling Mercury's conduct in serving the Subpoena as "reckless and impermissible," Fallon also seeks attorneys' fees and costs.  [Id. at 11–12].

On May 15, 2019, Mercury filed an opposition asking the Court to transfer this dispute to the Central District of California pursuant to Federal Rule of Civil Procedure 45(f), or in the alternative, to deny Fallon's motion and enforce the Subpoena.  [ECF No. 4].  Mercury argues that Fallon filed its motion to quash after an unnecessarily abbreviated meet-and-confer process, that Mercury is amenable to agreeing to more narrowly-tailored discovery requests, and that Fallon's claim that it should not be subjected to the burdens of discovery because it is a non-party are entitled to little weight where Fallon willingly assigned its claims to Plaintiffs.  [Id. at 5–15].  Additionally, Mercury contends that it is precisely because neither Plaintiffs nor Mercury know whether any of the claims that Fallon assigned are included in the Class Actions that Mercury must take discovery from Fallon on that issue.  [Id. at 6–7].

Fallon filed a reply on May 21, 2019, reiterating its argument that because there is no known connection between Fallon and the Class Actions, Fallon should not be obligated to respond to the Subpoena and incur the resulting costs. [ECF No. 8 at 2–3]. In support of its motion, it also filed a declaration from Plaintiffs' lawyer stating, among other things, that "Plaintiffs w[ould] work with Fallon" to comply with Judge MacKinnon's order regarding third-party discovery and "Mercury presently has no need for the subpoena addressed to Fallon. Mercury should instead work with the Plaintiffs to comply with Judge MacKinnon's Order and participate in a data exchange with Plaintiffs which will properly tailor third party assignor discovery in these cases." [ECF No. 8-1 at 3]. Fallon also avers that the requirements for a transfer pursuant to Rule 45(f) have not been met and that litigating this issue in California would be an additional burden because, among other reasons, Fallon has no office or employees in California and Fallon's attorney is located in Massachusetts. [ECF No. 8 at 3]. On May 28, 2019, Mercury filed a sur-reply, [ECF No. 13], saying that if Fallon is going to search for responsive documents as it "work[s] with [Plaintiffs]," it might as well comply with the Subpoena. [Id. at 2].

II.     DISCUSSION

    A.     **Legal Standard**

Federal Rule of Civil Procedure 45 permits litigants to serve subpoenas on third parties. Fed. R. Civ. P. 45. The scope of discovery that may be sought from a non-party is the same as that which may be sought from a party under Federal Rule of Civil Procedure 34, but parties serving non-party subpoenas are required to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

4

Under Rule 45(f), the Court for the district where compliance with a third-party subpoena is required "may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee Notes to the 2013 amendment to Rule 45 state:

> [The] proponent of transfer bears the burden of showing that [exceptional] circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 advisory committee's note to 2013 amendment.

**B.     Analysis**

Here, the Court is persuaded that transfer pursuant to Rule 45(f) is appropriate because there are exceptional circumstances.

First and most importantly, Magistrate Judge MacKinnon has been extensively involved in discovery for the Class Actions. For that reason, and because Fallon is one of at least seventy-eight roughly similarly situated assignors from across the United States, see [ECF No. 2 at 2], he is in a unique position to resolve this discovery dispute efficiently and in a manner that ensures that similarly situated assignors are treated consistently. On August 31, 2020, the parties to the Class Actions filed identical joint status reports in each action's respective docket, which state:

> 1. The Parties are relying on the current data matching results in their ongoing settlement discussions. Mercury may perform additional matching data when it gains access to its facility following the Covid pandemic lockdown. The Parties will submit any significant disputes related to data matching to Judge MacKinnon pursuant to previous Court orders.

      2. Mercury intends to propound third-party discovery requests on relevant assignors. The Parties will submit any significant disputes related to assignor discovery to Judge MacKinnon pursuant to the previous Court orders.

      3. The Court has extended the extant stay in these cases to allow further settlement discussions. . . .

[Class Action 1, ECF No. 311 at 2; Class Action 2, ECF No. 271 at 2].

If the parties have identified through the data matching results whether any of Fallon's assigned claims are included in the Class Actions, that information will be useful and perhaps dispositive in resolving the instant dispute. Magistrate Judge MacKinnon is undoubtedly more familiar with the data matching process than this Court is. Additionally, this is exactly the type of "significant dispute[] related to assignor discovery," that Magistrate Judge MacKinnon has invited the parties to submit to him for adjudication. [Class Action 1, ECF No. 311 at 2; Class Action 2, ECF No. 271 at 2]. He is best positioned to resolve disputes like this one and, further, there will likely be economies of scale involved in his handling multiple, similar disputes simultaneously. Finally, given the apparent progress the parties have made towards settlement, it may be appropriate to stay consideration of the merits of this dispute to preserve judicial and party resources, or the issues may become moot. Once again, given his involvement in the case, Magistrate Judge MacKinnon is in a better position than this Court is to make that assessment.

As to Fallon's arguments regarding the burden associated with transferring this dispute to the Central District of California, the Court acknowledges that there will be some additional burden but concludes that any such harm is significantly outweighed by the benefits discussed above. With respect to responding to document requests, the fact Fallon has no employees or place of business in California is of little consequence as document discovery will no doubt be conducted primarily, if not exclusively, electronically. As to a potential deposition, the burden is minimal and, given the global COVID-19 pandemic, Magistrate Judge MacKinnon may allow

the deposition, if it goes forward, to be conducted by videoconference.  Finally, regarding the location of counsel, attorneys are routinely admitted to practice *pro hac vice* in the Central District of California,[1] and, at least for the time being, most, if not all, civil proceedings in the Central District of California are, as they are in this district, proceeding via telephone or videoconference.  See generally United States District Court for the Central District of California, General Order 20-09 (Aug. 6, 2020), https://www.cacd.uscourts.gov/sites/default/ files/general-orders/GO%2020-09.pdf.  Thus, the Court concludes that any additional burden that transferring the case will place on Fallon does not meaningfully undermine the Court's conclusion that Rule 45(f)'s "exceptional circumstances" requirement has been met.

### III.  CONCLUSION

Accordingly, Fallon's motion to quash, [ECF No. 1], is DENIED, and this discovery dispute shall be transferred to the Central District of California pursuant to Federal Rule of Civil Procedure 45(f).  The dispute is related to the two cases captioned MAO-MSO Recovery II, LLC, et al. v. Mercury General, et al., No. 17-cv-02525 (C.D. Cal. filed Mar. 31, 2017), and MAO-MSO Recovery II, LLC, et al. v. Mercury General, et al., No. 17-cv-02557 (C.D. Cal. filed Apr. 3, 2017).

**SO ORDERED.**

September 24, 2020                                            /s/ Allison D. Burroughs
                                                                           ALLISON D. BURROUGHS
                                                                           U.S. DISTRICT JUDGE

---

[1] Indeed, multiple out-of-state attorneys in each of the Class Actions have been admitted *pro hac vice*.  See [Class Action 1, ECF Nos. 13, 21, 128; Class Action 2, ECF Nos. 13, 21, 127].